DSI 38842

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 JUN 14 PM 3: 43

DEPUTY CLERK_____ MD

| | | |
|---|---|---|
| Edrick Fuller | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **CIG Financial, LLC, a California Limited** | § | **3-22CV1289-D** |
| **Liability Company; The Car Source, LLC,** | § | |
| **d/b/a Hide And Seek Recovery,** | § | |
| **Individually, and as Agent, Apparent Agent,** | § | |
| **Servant, and/or Employee of CIG Financial** | § | |
| **Julius Sims The Repossession Agent, Individually** | § | |
| **and as Agent, Apparent Agent, Servant,** | § | |
| **and/or Employee Of Hide And Seek Recovery,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants,** | § | |

### COMPLAINT AT LAW

**NOW COME Plaintiff, Edrick Fuller, Pro Se,** and pursuant to this
Complaint at Law, state the following against the above named **Defendants**:

### JURISDICTION, VENUE, AND STANDING

1.     The jurisdiction of the court is invoked pursuant to the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 et seq, 28 U.S.C. § 1367, 28 U.S.C. § 1331,
("FDCPA") and this Court's supplementary jurisdiction powers.
Venue is proper as the actions that give rise to this complaint occurred, Plaintiff
resides and Defendants conduct business within this District.

THE FAIR DEBT COLLECTION PRACTICES ACT

THE UNIFORM COMMERCIAL CODE

BATTERY

THE TEXAS DEBT COLLECTION ACT

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## PARTIES

2.     **Plaintiff, Edrick Paul Fuller ("Edrick")**, is a natural person, a citizen of the City of
Dallas, County of Dallas, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.     **Defendant, CIG Financial, LLC ("CIG")**, is a California, Limited Liability Company
licensed to do business in Texas, and is conducting business in North Texas with Dealer Partners, and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

4. **Defendant, The Car Source, LLC, d/b/a Hide And Seek Recovery. ("Hide And Seek")**, is a Texas corporation, that conducts business in the DFW metroplex, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. At all times relevant, **Hide and Seek** was the agent, apparent agent, servant, and/or employee
of **CIG**, and was acting in the due course and scope of said agency, servitude, and/or employment.

6. **Defendant, Julius Sims The Repossession Agent,** is a natural person who conducts business in the DFW Metroplex of Texas, United States of America, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times relevant, **Julius Sims The Repossession Agent**, was the agent, apparent agent, servant, and/or employee of **Hide And Seek,** and was acting in the due course and scope of said agency, servitude, and/or employment.

## FACTUAL ALLEGATIONS

8.     Prior to December 31 2019, **Edrick** purchased a motor vehicle (hereinafter "vehicle"), to wit, a 2013 Ford F-150, by taking out a consumer auto loan from **CIG**, secured by said vehicle.

9. At some point thereafter, **Edrick** lost his job contract and fell behind on his payments under said loan.

10.     In October, **Edrick** made arrangements to start repaying the loan by the end of the month, which he did.

11.     On November 20,2019, **Edrick** was given a notice again to pay the monthly note this time to make at least one payment to keep moving forward and to avoid

Charge off (see Exhibit 1)and he informed **CIG** that he will be able to pay with the check he would be receiving at the end of each month, and it was paid on November 30, 2019. (see Exhibit 2)

12.    On December 30, 2019 **Edrick** received another notice similar to the first two but this notice did not have an amount to pay, just stating that his vehicle will be charged off, after he had started back repayments. The email notice was not seen until after work hours so he was not able to call and inquire.

13. On December 31, 2019, between 5:30-6:30 am in the morning, still dark outside, getting ready to leave for work, the vehicle was parked in the driveway on private property at **Edrick's** home address.

14. On said date, Repossession Agent **Julius Sims** backed a tow truck up in said driveway and began to hook the vehicle up.

15. On said date, **Edrick** noticed the vehicle being lifted by **Julius Sims The Repossession Agent** and began to blow the horn letting him know that he was in the vehicle. .

16. On said date, **Julius Sims** without lowering the vehicle, got out of the tow truck and informed that he was taking the truck. **Edrick** told him that he had started to repay and that they were informed that he would get paid at the end of the month which is when he could make the payments.

17. On said date. **Edrick** told **Julius Sims** that he was not taking the vehicle because he had started back paying, and that they needed to talk to **CIG** who opens at 8:00 am to get matters straight so he could pay and **Julius Sims** could release the vehicle. **Julius Sims** agreed to wait, but he did not release the vehicle from its position in the air, nor did he turn his heavy fume-emitting diesel engine tow truck off. They waited 2 and a half hours.

18. On said Date, from around 5:30am (dark) through 8:00am (daylight) when **CIG** opened, they waited with the vehicle hoisted in the air with his tow truck motor running. By this time the neighbors had started to come out and see the dispute and started recording it also.

19. On said date, Plaintiff's Mother Father and neighbors were all outside witnessing and recording the commotion.

20.    On said date, at 8:00am **Edrick** called **CIG** and spoke with Esmeralda Chavez who was in charge of **Edricks** account. He informed her of what was happening and that he wanted to pay his note so that their agent could release the vehicle and he could leave for work. She refused payment and said he needed to

pay the full behind balance upwards of 3400 owed in order to release the vehicle.
**Edrick** tried to see if he could come up with more than what he had, so he ended
the call and he made some quick phone calls and was only able to get another 800
that someone had promised to give him days before. He called her back and the
1200 was refused and she proceeded to tell him to get out of (her) vehicle so her
agent could tow it in a very unprofessional manner which changed the tone of the
whole conversation. He informed her that she sent him a notice to start back
making payments to avoid charge off, which was done. She still continued to
refuse payment.

21.     On said date, **Edrick** informed her that she could not repossess a vehicle
that he was paying on, and that **Julius Sims** had already broken the law by having
him up in the air and not releasing the vehicle for almost 4 hours when he told him
not to take it in the beginning. Now the neighbors are outside looking at all the
commotion. The call ended.

22. On said date, **Edrick** told **Julius Sims** to lower and release the vehicle, that he
was not going to turn it over to him because he was able to make my payments and
that he waited to compromise, but now he had to leave for work that he was
already late for. And that he would settle the issue later. **Julius Sims** refused and
got on the phone with his bosses and Esmeralda Chaves. **Julius Sims** then returns
to **Edricks** driver window handing him the phone with Esmeralda Chavez on the
other end. She continued to scream at him to get out of (her) vehicle so her (Agent)
could tow it. Those were her exact words, again **Edrick** refused and told her Agent
to release the vehicle. **Edrick** handed him back his phone and **Julius Sims** went
back to his tow truck as if to comply.

 23. On said date, **Julius Sims** the Repossession Agent returned to the driver's
window where **Edrick** was seated with the phone up to his ear talking to
Esmeralda and said could he just give him the vehicle and for him to go and find
something else and let this one go. **Edrick** told him no and once again to release
the vehicle so he could leave. He looked at **Edrick** and said, "So you're not going
to get out of the vehicle?" **Edrick** said no, and he asked again, "So you're not
going to get out of the vehicle?" He asked both times in a do it or else manner,
while holding the phone to his ear. After **Edrick** said no again, he started walking
to his tow truck with an angry fast pace, which made **Edrick** become alert when he
connected his movements with the do it or else questions, to trouble brewing.

24.     . On said date, **Julius Sims** then gets into his tow truck, proceeds to lift the Vehicle up higher and takes off out the driveway as if he punched the gas, which caused a strong Jerk of the vehicle on the tow with **Edrick** inside. With the fear of losing his life and with his life no longer in his control, because **Julius Sims** now had taken control of his life, the only thing **Edrick** could do at the moment was brace and start blowing the horn telling him to stop with his mother and neighbors all screaming stop as well. Realizing his actions, he then stops around the corner and **Edrick** told him he was calling the police and **Julius Sims** said he was calling too. They both called the police at the same time. (see Exhibit 3) **Edrick** then called Esmeralda Chavez back and informed her of the current situation and that police were called.

25. On said date, the police arrived at 10:25am.(see Exhibit 3) They both informed the police of the situation and after hearing both sides the police told him to release the vehicle. Finally after a total of 5 hours of inhaling diesel fumes **Julius Sims** releases the vehicle.

26.     On said date, after **Julius Sims** released the vehicle, **Edrick** called Esmeralda Chavez back and offered to pay the 1200. She refused and asked where her Agent was and where the vehicle was. **Edrick** informed her that the Agent had left and that the police made him release the vehicle and that he was willing to pay the 1200 he agreed to pay earlier since he still had the vehicle. Everytime **Edrick** called **CIG**, when answered **Edrick** was informed that the calls were being monitored and recorded. The pre-recorded message was an alert that the Dodd-Frank Act was being complied with. Therefore there is proof and there should be no dispute that **Edrick** was offering to make a payment during the whole conversation if the calls were recorded. Esmeralda Chavez once again declined payment of 1200 and said she wanted the full behind balance owed. **Edrick** was not able to pay the full balance, only 1200.

27.     On said date, December 31, 2019, **CIG Financial** charged off **Edricks** account and reported it to the credit bureau.

28.     The aforementioned conduct by **CIG**, by and through its agent, apparent agent, servant, and/or employee, **Hide And Seek**; **Hide And Seek**, by and through **Julius Sims** the Repossession Agent, as its

agent, apparent agent, servant, and/or employee; and **Julius Sims** the Repossession Agent, individually, and as agent, apparent agent, servant, and/or employee of

**Hide And Seek**, constituted a "breach of the peace" in violation of Tex. Bus. &
Com. Code §9-609(b)(2).

29.     As a result of said breach of the peace, **Defendants** did not have a present
right to take possession of the vehicle.

30.     On December 31, 2019, the same date as the breach of peace and battery,
**CIG** Charged off on **Plaintiff's** account causing a negative impact to **Plaintiff's**
credit score dropping it under 500. The Impact of Covid 19 in 2020 on our Country
and the world's economy, led the government to supply loans and grants to
Business Owners and Independent Contractors to help restore the economy.
**Plaintiff** is an Independent Contractor and was declined PPP and SBA loans
provided to Business Owners and Independent Contractors because of his negative
credit score caused by an illegal repossession and Charge Off. (See Exhibit 4)

### COUNT I
### Plaintiff v. CIG, Hide And Seek; and Julius Sims The Repossession Agent
### VIOLATION OF 15 U.S.C. § 1692f(6)(A),
### FDCPA.

1-30.  **Plaintiff** restates and re-alleges paragraphs 1-30 of the common counts, as
and for paragraphs 1-30 of Count I, as though fully set forth herein.

31.     Texas law provides that secured parties may take possession of collateral
without judicial action so long as there is no "breach of the peace." TEX. BUS. &
COM. CODE § 9.609(b)(2).

32.     A repossession agent breaches the peace if he continues with a repossession
over a consumer's protest. ; *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821
P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, Repossessions, § 6.3
(1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property
over the debtor's objections.' ").

33.     **Plaintiff** first confronted **Defendants** by blowing his horn multiple times
alerting that he was in the vehicle to stop, he also objected verbally to release the
vehicle multiple times during a 5 hour dispute with **CIG**, **Hide And Seek** on the
phone before police arrived, who then made them release the vehicle. Once
repossession is protested by the **Plaintiff**, **Defendants** lose the right to continue
with the repossession. The Conduct of the **Defendants** Constituted a breach of
peace by still continuing to repossess after the objections by **Plaintiff**.

34.   **Hide and Seek** also breached the peace by using physical force on the body of Plaintiff during the repossession by punching the gas of his tow truck causing a strong Jerk reaction of the vehicle **Plaintiff** was in as he drove out the driveway knowing **Plaintiff** was inside.

35.   The aforementioned conduct by, **CIG**, by and through its agent, apparent agent, servant, and/or employee, **Hide And Seek**, by and through its agent, apparent agent, servant, and/or employee of **CIG**, and **Julius Sims** The the Repossession Agent, individually, and as agent, apparent agent, servant, and/or employee of **Hide And Seek**, violated **15 U.S.C. § 1692f(6)(A)** and Fair Debt Collections Practices Act, as aforesaid.

36.   As a direct and proximate result of **CIG**, **Hide And Seek** and **Julius Sims** violations of 15 U.S.C. § 1692f(6)(A) and the FDCPA as aforesaid, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress.

37.   As a result of **CIG**, **Hide And Seek** and **Julius Sims** violations of the 15 U.S.C. § 1692f(6)(A) and the FDCPA, as aforesaid, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from **CIG**, **Hide And Seek** and **Julius Sims** the Repossession Agent.

**WHEREFORE, Plaintiff** pray that judgment be entered against **CIG, Hide And Seek** and **Julius Sims**, and in favor of Plaintiff:

a.   for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.   for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d.   for any other such further relief as may be just and proper.

## COUNT II
### Plaintiff v. CIG, Hide And Seek, and Julius Sims
### Violation of Tex. Bus. & Com. Code §9-609(b)(2)

1-30. **Plaintiff** restates and reallege paragraphs 1-30 of the common counts, as and for paragraphs 1-30 of Count II, as though fully set forth herein.

31.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. see Doucette v. Belmont Sav. Bank, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017).

32.     **CIG Financial** violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, Hide and Seek, breached the peace to repossess Plaintiff's Vehicle. **CIG** was also on the phone with the repossession agent at the time of the breach of peace.

33.     As a direct and proximate result of **CIG'S** violations of Tex. Bus. & Com. Code §9-609(b)(2) as aforesaid, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress.

34.     As a result of **CIG'S**  violations of Tex. Bus. & Com. Code §9-609(b)(2), as aforesaid, **Plaintiff** is entitled to actual damages, statutory damages, and reasonable attorney's fees and costs, from **CIG**.

        **WHEREFORE, Plaintiff** pray that judgment be entered against **CIG** the Repossession Agent, and in favor of **Plaintiff**:

        A.      for an award of actual damages, pursuant to Tex. Bus. & Com. Code §9-625                                        ;

        B.      for an award of statutory damages, pursuant to Tex. Bus. & Com. Code §9-625;

        C.      for an award of costs of litigation and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code §9-625; and

        D.      for any other such further relief as may be just and proper.

### COUNT III
### Plaintiff v. CIG Negligence

1-30. **Plaintiff** restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of Count III, as though fully set forth herein.

31.     At all times relevant, **CIG**, by and through its agents, servants, and/or employees, knew that **Hide And Seek's** repossession agent was likely to breach

the peace when repossessing a vehicle from Plaintiff at the time it hired **Hide And Seek**. History Shows that Hide And Seek operates as a strong arm repossession company. The surprising tone that **CIGS** employee Esmeralda Chavez took (which was different from all previous conversations), when she was informed that her Strong Arm had the vehicle hooked, was that of someone who knew what her agent was Capable of. The Agent looked like a former NFL player with an intimidating presence.

32.    At all times relevant, **CIG**, had a duty to exercise due care in the hiring, retention, and supervision of the repossession agency in its employ. **Julius Sims** had a previous Civil Protective Order against him in his past.

33.    Notwithstanding the aforesaid duty, **CIG**, by and through its agent, apparent agent, servant, and or employee breached their duty in one or more of the following ways:

**a. Carelessly and negligently hired Hide and Seek**. Before **Plaintiffs** Complaint to this court, **Hide and Seek** had a previous Complaint in California in 2013 and 2 similar complaints after 2020 revealing that **Hide And Seek** handles a lot of these Complaints in Arbitration. **CIG** is well aware of their preferred methods of repossession.

**b. Carelessly and negligently retained Hide and Seek;** Records Show that **CIG** and **Hide and Seek** have a long history together. **Hide and Seek** is also based in California, The home of **CIG Financial.**

**c. Carelessly and negligently, failed to properly supervise Hide and Seek.** Throughout the entire ordeal Plaintiff was on the Phone with **CIGS** Employee who when told that the repossession was being objected to did not Advise their Agent to discontinue the repossession, instead they encouraged their Agent to further commit an illegal action by driving off causing the vehicle to Jerk strongly while the **Plaintiff** was still inside. Additionally the negligence caused **Plaintiff** to inhale diesel fumes for upwards of 5 hours.

34.     As a direct and proximate result of the aforementioned actions and/or omissions, **CIG** and **Hide And Seek** violated the FDCPA, Tex. Bus. & Com. Code §9-609(b)(2), and committed various common law torts, while repossessing **Edrick's** vehicle.

35.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress. Every time **Plaintiff** smells diesel fumes, it instantly takes him to that moment he had no control of his life, and the memories of the feeling of his life being endangered by **Hide and Seeks** and their encouraged illegal actions. The same as Music brings back memories of tims, so does the smell of diesel fuel for the **Plaintiff**.

**WHEREFORE, Plaintiff** pray that judgment be entered against **CIG**, and in favor of **Plaintiff**:

      a. for an award of actual damages;

      b. for an award of costs of suit; and

      c. for any other such further relief as may be just and proper.

**COUNT IV**

**Plaintiff v. CIG**

**Willful, Wanton Behavior**

1-30.  **Plaintiff** restate and re-allege paragraphs 1-30 of the common counts, as and for paragraphs 1-30 of Count IV, as though fully set forth herein.

31.     At all times relevant, **CIG**, by and through its agents, servants, and/or employees, knew that **Hide And Seek's** repossession agent was likely to breach the peace when repossessing a vehicle from **Edrick**, at the time it hired **Hide And Seek**. The records show **CIG** and **Hide and Seek** have a long history of being business partners and **CIG** is well aware of their preferred methods of repossession which includes Strong arming  and breaching the peace.

32.     At all times relevant, **CIG** had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.  The Success rate of **Hide and Seek** from all of the Bankruptcy Suits filed by debtors due to **CIG**, allowed **CIG** to retain them despite the negative track record with Complaints.

33.     At all times relevant,  Instead of **CIG** instructing their Agent to stop with the repossession and try another time, **CIG** instead declined payments and further engaged in verbal disagreement with plaintiff and encouraged their agent to try to threaten plaintiff out of the vehicle by taking off from plaintiffs driveway with the vehicle causing the vehicle to Jerk strongly with plaintiff still inside.  Also as a result of **CIG's** behavior it caused Plaintiff to inhale diesel fumes for upwards of 5 hours.

34.     Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of whom it was attempting to repossess from, **Edrick**, **CIG**, by and through its agent, apparent agent, servant, and or employee acted willfully and wantonly in one or more of the following ways:

    **a. Willfully and wantonly hired Hide And Seek;**
    **b. Willfully and wantonly retained Hide And Seek;**
    **c. Willfully and wantonly failed to properly supervise Hide And Seek.**

    35.     As a direct and proximate result of the aforementioned actions and/or omissions, **Hide And Seek** violated the FDCPA, Tex. Bus. & Com. Code §9-609(b)(2), and committed various common law torts, while repossessing **Edrick's** vehicle.

36.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress. Every time **Plaintiff** smells diesel fumes, it instantly takes him to that moment he had no control of his life, and the memories of the feeling of his life being endangered by **Hide and Seeks** and their encouraged illegal actions. The same as Music brings back memories of times, so does the smell of diesel fuel for the **Plaintiff**.

    **WHEREFORE, Plaintiff** pray that judgment be entered against **CIG**, and in favor of **Plaintiff**:

    a.    for an award of actual damages;
    B.    for an award of punitive damages;
    C.    for an award of costs of suit; and
    d.    for any other such further relief as may be just and proper.

**COUNT V**

**Plaintiff v. Hide And Seek and Julius Sims**
**Negligence**

1-30. Plaintiff restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of Count V, as though fully set forth herein.

31.     At all times relevant, **Hide And Seek**, knew that **Julius Sims** the Repossession Agent was likely to breach the peace when repossessing a vehicle from **Edrick**, at the time **Julius Sims** the Repossession Agent was hired. Records show Julius Sims had a previous Civil Protective order filed against him in the late 90s. A Civil Protective order against a person means that person has acted in a way that has put someone in fear of their safety or life.

32.     At all times relevant, **Hide And Seek** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agents in its employ. By **Hide and Seeks** track record, **Julius Sims** fits the requirements of the Agents they prefer to hire. Someone who could intimate or strong arm a repossession if needed. During the wait for **CIG** to open **Julius Sims** was also on the phone with his supervisor on speaker phone, She also refused to release the vehicle in a disturbing tone.  Multiple time during this ordeal **Hide and Seek** who was on the Phone with Julius Sims, who when told that the repossession was being objected to, did not Advise their Agent to discontinue the repossession, instead they encouraged their Agent to further commit an illegal action by driving off causing the vehicle to Jerk strongly while the **Plaintiff** was still inside. Additionally the negligence caused **Plaintiff** to inhale diesel fumes for upwards of 5 hours.

33.     Notwithstanding the aforesaid duty, **Hide And Seek** breached their duty in one or more of the following ways:

    a. Carelessly and negligently hired **Julius Sims** the Repossession Agent;

    b. Carelessly and negligently trained **Julius Sims** the Repossession Agent;

    c. Carelessly and negligently retained **Julius Sims** the Repossession Agent; and

d. Carelessly and negligently, failed to properly supervise **Julius Sims**.

34.     As a direct and proximate result of the aforementioned actions and/or omissions, **Julius Sims** the Repossession Agent violated the FDCPA, Tex. Bus. & Com. Code §9-609(b)(2), and committed various common law torts, while repossessing **Edrick's** vehicle.

35.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress. Every time **Plaintiff** smells diesel fumes, it instantly takes him to that moment he had no control of his life, and the memories of the feeling of his life being endangered by **Hide and Seeks** and their encouraged illegal actions. The same as Music brings back memories of times, so does the smell of diesel fuel for the **Plaintiff**.

        **WHEREFORE, Plaintiff** pray that judgment be entered against **Hide And Seek**, and in favor
of **Plaintiff**:
        a.      for an award of actual damages;
        b.      for an award of costs of suit; and
        c.       for any other such further relief as may be just and proper.

### COUNT VI
### Plaintiff v. Hide And Seek and Julius Sims
### Willful, Wanton Behavior

1-30. Plaintiff restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of Count VI, as though fully set forth herein.

31.     At all times relevant, **Hide And Seek**, knew that **Julius Sims** the Repossession Agent was likely to breach the peace when repossessing a vehicle from **Edrick**, at the time **Julius Sims** the Repossession Agent was hired. Records show **Julius Sims** had a previous Civil Protective order filed against him in the late 90s. A Civil Protective order against a person means that person has acted in a way that has put someone in fear of their safety or life. This is the kind of Agent **Hide and Seeks** track record show that they desire.

32.     At all times relevant, **Hide And Seek** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agents in its employ. By **Hide and Seeks** track record, **Julius Sims** fits the requirements of the Agents they prefer to hire. Someone who could intimate or strong arm a repossession if needed. During the wait for **CIG** to open **Julius Sims** was also on the phone with his supervisor on speaker phone, She also refused to release the vehicle in a disturbing tone.  Multiple time during this ordeal **Hide and Seek** who was on the Phone with **Julius Sims,** who when told that the repossession was being objected to, did not Advise their Agent to discontinue the repossession, instead they encouraged their Agent to further commit an illegal action by driving off causing the vehicle to Jerk strongly while the **Plaintiff** was still inside. They encouraged **Julius Sims** to get the truck by any means necessary. Additionally the negligence caused **Plaintiff** to inhale diesel fumes for upwards of 5 hours.

33.     Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of whom it was attempting to repossess from, **Edrick, Hide And Seek** acted willfully and wantonly in one or more of the following ways:

      **A.     Willfully and wantonly hired Julius Sims the Repossession Agent;**

      **b.     Willfully and wantonly failed to properly train Julius Sims the Repossession Agent**

      **c.     Willfully and wantonly retained Julius Sims the Repossession Agent; and**

      **d.     Willfully and wantonly failed to properly supervise Julius Sims Repossession Agent.**

34.     As a direct and proximate result of the aforementioned actions and/or omissions, encouraged by **Hide and Seek, Julius Sims** The Repossession Agent violated the FDCPA, Tex. Bus. & Com. Code §9-609(b)(2), and committed various common law torts, while repossessing **Edrick's** vehicle.

35.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature, including, but not limited to: stress, anxiety, and emotional distress. Every time **Plaintiff** smells diesel fumes, it instantly takes him to that moment he had no control of his

life, and the memories of the feeling of his life being endangered by **Hide and Seeks** and their encouraged illegal actions. The same as Music brings back memories of times, so does the smell of diesel fuel for the **Plaintiff**.

**WHEREFORE, Plaintiff** pray that judgment be entered against **Hide And Seek,** and **Julius Sims** and in favor of **Plaintiff**:

      a.     for an award of actual damages;

      b.     for an award of punitive damages;

      c.     for an award of costs of suit; and

      d.     for any other such further relief as may be just and proper.

**COUNT VII**

**Plaintiff v. CIG, Hide And Seek; and Julius Sims**
**the Repossession Agent**
**VIOLATION OF TEX. FIN. CODE § 392.301**

1-30. Plaintiff restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of Count VII, as though fully set forth herein.

31.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

32.     **CIG's** repossession agent, **Hide and Seek** through **Julius Sims**, engaged in illegal conduct by continuing its repossession after **Plaintiff** confronted **Hide and Seek** and protested the repossession. 72. **Defendants** engaged in illegal conduct by breaching the peace during its repossession. 73. **CIG's** repossession agent, **Hide and Seek** through **Julius Sims**, engaged in illegal conduct by battering **Plaintiff**. As the secured creditor that hired Hide and Seek, CIG is liable for Hide and Seek's conduct.

33.     **CIG, Hide and Seek and Julius Sims** violated TEX. FIN.CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law when **Julius Sims** asked **Plaintiff** twice, "So you're not going to get out of the truck?", in a fashion that there would be consequences if he did not, then stormed off to his tow truck when **Plaintiff** answered no. All in connection with the collection of **Plaintiff's** alleged debt. **CIG and Hide and Seek** were on the phone with **Julius Sims** at this time.

34.    **CIG, Hide and Seek and Julius Sims** violated TEX. FIN. CODE §
392.301(a)(1) by using or threatening to use violence or other criminal means to
cause harm to **Plaintiff**. When **Julius Sims** punched the gas of his tow truck out of
**Plaintiffs** driveway causing the vehicle **Plaintiff** was in to Jerk Strongly, the strong
Jerk violently shook the body of **Plaintiff**, causing **Plaintiff** to grab the steering
wheel for a brace. **CIG, Hide and Seek and Julius Sims** used their tow truck for
battery against **Plaintiff**, to try scare and force **Plaintiff** out of the vehicle. At this
point **Plaintiff** was afraid to exit the vehicle.

WHEREFORE, **Plaintiff** prays for relief and judgment, as follows:
a) Adjudging that **Hide and Seek** violated TEX. FIN. CODE § 392.301(a)(8);
b) Adjudging that **Hide and Seek** violated TEX. FIN. CODE § 392.301(a)(1);
 c) Adjudging that **CIG**, as the secured party that hired **Hide and Seek**, is liable for
**Hide and Seek's** violation of TEX. FIN. CODE § 392.301(a)(8).
 d) Adjudging that **CIG**, as the secured party that hired **Hide and Seek**, is liable for
**Hide and Seek's** violation of TEX. FIN. CODE § 392.301(a)(1).
 e) Awarding **Plaintiff** injunctive relief pursuant to the TDCA;
 f) Awarding **Plaintiff** actual damages pursuant to the TDCA;
 g) Awarding **Plaintiff** reasonable attorneys' fees and costs incurred in this action;
 h) Awarding **Plaintiff** any pre-judgment and post-judgment interest as permissible
by the law; and
 i) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**BATTERY**
**ALL DEFENDANTS**

1-30. Plaintiff restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of
Count VII, as though fully set forth herein.
31.    **CIG and Hide and Seek** through **Julius Sims** committed a battery when it
had lifted **Plaintiff's** vehicle for 5 hours while he was occupied in it, causing
**Plaintiff** to inhale diesel fumes the whole duration. **Defendant's** actions in
purposefully lifting the vehicle and towing it while **Plaintiff** occupied it evidence
that its actions in this matter were outrageous and guided by evil minds and
intentions.
32.    When **Julius Sims** punched the gas of his tow truck out of **Plaintiffs**
driveway causing the vehicle **Plaintiff** was in to Jerk Strongly, the strong Jerk

violently shook the body of **Plaintiff**, causing **Plaintiff** to grab the steering wheel for a brace. **CIG, Hide and Seek and Julius Sims** used their tow truck for battery against **Plaintiff**, to try scare and force **Plaintiff** out of the vehicle. At this point **Plaintiff** was afraid to exit the vehicle.

33. **CIG**, as the secured party that hired **Hide and Seek**, is liable for **Hide and Seek's** and **Julius Sims** battery. **CIG** further garners liability by being on the phone during the battery.

WHEREFORE, **Plaintiff** prays for relief and judgment, as follows:

a) Adjudging that **CIG** and **Hide and Seek** through **Julius Sims** committed a battery on the person of **Plaintiff**;

b) Adjudging that **CIG**, as the secured party that hired **Hide and Seek** is liable for its battery;

c) Awarding **Plaintiff** his actual damages in an amount to be proved at trial;

d) Awarding **Plaintiff** exemplary damages in an amount to be proved at trial.

e) Awarding **Plaintiff** pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IX
### Plaintiff v. CIG, Hide And Seek; and Julius Sims the Repossession Agent
### Intentional Infliction of Emotional Distress

1-30. Plaintiff restate and re-allege paragraphs 1-30, as and for paragraphs 1-30 of Count VII, as though fully set forth herein.

31.     **CIG, Hide And Seek**, and **Julius Sims** the Repossession Agent' aforementioned conduct was extreme and outrageous.

32.     **CIG, Hide And Seek**, and **Julius Sims** intended that their conduct would inflict severe emotional distress upon **Edrick**, by towing the vehicle away with him in it.

33.     In the alternative, **CIG, Hide And Seek**, and **Julius Sims** knew that there was at least a high probability that the conduct would inflict severe emotional distress upon **Edrick**, by towing the vehicle away with him in it.

34.     As a direct and proximate result of **CIG, Hide And Seek**, and **Julius Sims** actions, **Edrick** suffered severe emotional distress.

35.     The aforesaid acts and omission of **CIG, Hide And Seek**, and **Julius Sims**
were intentional, willful and wanton, malicious and done with an actual intention
to cause harm to **Edrick,** and thus justify the imposition of punitive damages.
**WHEREFORE, Plaintiff** pray that judgment be entered against **CIG,Hide And
Seek** and **Julius Sims**, and in favor of **Plaintiff:**

- a.      for an award of compensatory damages;
- B.       for an award of nominal damages;
- c.      for an award of punitive damages;
- D.       for an award of costs of suit; and
- e.      for any other such further relief as may be just and proper.

### Trial By Jury

36.     **Plaintiff** is entitled to and hereby demands a trial by jury. The Case was
previously brought before Arbitration in which **CIG** nor the **Car Source ada Hide
and Seek** responded. (see Exhibit 5) Former Attorney who filed the Arbitration has
removed himself from this case. (see Exhibit 6)

Respectfully Submitted,

/s/Edrick Paul Fuller

Edrick Paul Fuller

1906 Berwick

Dallas, Texas 75203

Telephone: 214-941-1125

Email: edrickfuller@my.untdallas.edu

### CERTIFICATE OF SERVICE

I certify that on June 13, 2022, I filed the foregoing document with the Court using
CM/ECF.

/s/Edrick Paul Fuller

Edrick Paul Fuller

## Exhibit 1

 Gmail

E F <edricpauls@gmail.com>

### CIG FINANCIAL - REF#126505

1 message

Esmeralda Chavez <echavez@cigfinancial.com>
To: "EDRICPAULS@GMAIL.COM" <EDRICPAULS@gmail.com>

Wed, Nov 20, 2019 at 10:18 AM

Edrick Fuller,

Your account is schedule for charged off. We will report the charge off to the credit bureaus for the amount of $12,807.64. You need to make at least one payment to keep moving forward, and to avoid a charge off or volunteer surrender vehicle.

If your account is charged off, the account will be transferred to our Loss Recovery department. I will not be able to assist you once that happens. A charged off auto loan will cause serious damage to your credit standing The Loss Recovery department will only be interested in repossessing the vehicle, and will not discuss payment arrangements with you. Once the vehicle has been repossessed, it will be sold at auction. The money from that sale will be applied to the amount you owe, and you will immediately have to pay the entire remaining balance. If you are not able to pay the balance, your account will be considered for a civil lawsuit. If a judgment is obtained against you, your wages could be garnished for as long as it takes to pay the balance.

Contact me if you have any questions. I am willing to help if you are willing to work with me.

By charging off the account, you will lose the rights over the vehicle and will remain out for repo until account is payoff or vehicle is recover.

Esmeralda Chavez

Recovery Specialist

Exhibit 2

# M Gmail

E F <edricpauls@gmail.com>

---

## ** ACH on Checking Acct *
1 message

---

**Lee Le <lle@cigfinancial.com>**
To: "EDRICPAULS@GMAIL.COM" <EDRICPAULS@gmail.com>

Sat, Nov 30, 2019 at 12:18 PM

Mr. Fuller;

The payment on checking acct is $340 plus $7 .

The payment on CC for $40 is not accepted because it is CC not debit card . Visa won't allow CC on payment.

Call me if you have any questions.

Thanks

**Lee Le**
**CIG Financial, LLC**

☎949-271-4268 direct

7 949-705-6234 fax

📧 lle@cigfinancial.com

## Exhibit 3



Exhibit 4



**U.S. SMALL BUSINESS ADMINISTRATION**
**Disaster Assistance**
**Processing and Disbursement Center**
**14925 Kingsport Road**
**Fort Worth, Texas 76155**

800-659-2955
Hearing Impaired
800-877-8339

November 06, 2020
Edrick Fuller
Edrick Fuller
1906 Berwick
Dallas, TX 75203

RE: SBA Disaster Loan Application Number: 3315221821

Dear Edrick Fuller,

In these unprecedented times, we understand the challenges you are facing. The SBA is making every effort to support small businesses, which are the backbone of the American economy. Unfortunately, although we have made every effort to approve your loan request, we are unable to offer you a Economic Injury Disaster Loan (EIDL) for the reason(s) described below.

**Unsatisfactory credit history.**

We evaluated your credit report and related information. Based on the information we obtained, we are regretfully unable to approve your application. We based this decision on information obtained from:

Experian P.O. Box 2104 Allen, TX 75013, (866) 200-6020.

If you disagree with our decision, you may request reconsideration, subject to the availability of funds. You can submit your request to any of the following:

    a. Mail your request to the address at the top of this letter.
    b. Fax your request to: 202-481-5931.
    c. E-mail your request to: pdcrecons@sba.gov.

Your request must:

    1. Be in writing and be received by this office as soon as possible(but no later than 6 months from the date of this letter.)

Exhibit 5



**AMERICAN ARBITRATION ASSOCIATION**   INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

November 23, 2020

John C. Hubbard, Esq.
John C. Hubbard, LLC
PO Box 953
Birmingham, AL 35201
Via Email to: jch@jch-law.com

CIG Financial
6 Executive Circle
Suite 100
Irvine, CA 92614
Via Mail

The Car Source, LLC
1404 Vinylex Drive
Carrollton, TX 75006
Via Mail

Case Number: 01-20-0015-1540

Edrick Fuller
-vs-
CIG Financial, LLC
-vs-
The Car Source, LLC, d/b/a Hide and Seek Recovery

Dear Parties:

As of this date we have not received the required fees from the business in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

Further, because the business' failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving CIG Financial. The AAA's consumer policies can be found on the AAA's website, www.adr.org. We request that the business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.

If the business advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a

complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457

Exhibit 6



**| JOHN C. HUBBARD, LLC |**

JCH@JCHUBBARDLAW.COM
TEL: (205) 378-8121
FAX: (205) 690-4525

PO BOX 953
BIRMINGHAM, AL 35203
WWW.JCHUBBARDLAW.COM

November 24, 2020

Brian Fuller
1906 Berwick
Dallas, TX 75203

Re:     *Edrick Fuller v. CIG Financial, LLC - Case 01-20-0018-1340*

Dear Mr. Fuller:

CIG and the repossession company failed to answer the arbitration complaint and the case was dismissed. The correspondence is enclosed. Your case will need to be filed in court. It is my understanding that you want a new attorney to represent you. Therefore, I will not be filing your case in court and will not otherwise be taking any future action on your behalf. Please be advised that your claims must be filed in court within a certain time or it could be barred forever. Please feel free to contact me with any questions.

Respectfully Yours,

John C. Hubbard

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDRICK PAUL FULLER

**DEFENDANTS** CIG FINANCIAL, LLC THE CAR SOURCE, LLC DBA HIDE AND SEEK RECOVERY JULIUS SIMS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED
JUN 14 2022
MD
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 470 Racketeer Influenced and Corrupt Organizations ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | Act | | Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | Exchange ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FSCPA IS U.S.C. 1143F(BXA) Texas.com.code 9-609(b/s) TexiFIN,code

Brief description of cause: Breach of Peace

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 15,00,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____