IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDRICK FULLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-1289-D |
| § | |
| CIG FINANCIAL, LLC, THE CAR § | |
| SOURCE, LLC d/b/a HIDE AND SEEK § | |
| RECOVERY, AND JULIUS SIMS, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant The Car Source, LLC ("Car Source") moves under Fed. R. Civ. P. 12(b)(6) to dismiss as time-barred the claims of plaintiff Edrick Fuller ("Fuller") asserted under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021), Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2016), and Texas tort law. The principal question presented is whether, for most of Fuller's claims, he has pleaded himself out of court by admitting all of the elements of Car Source's limitations defense. Concluding that he has not—because the limitations defense is asserted to be subject to equitable tolling—the court denies the motion.

I

This action arises out of an incident on December 31, 2019.¹ Fuller, who had purchased a pickup truck from Car Source, financed the purchase through a financing agreement with defendant CIG Financial, LLC ("CIG"). Fuller made timely payments until October 2019; that month, he lost his job and made arrangements with Car Source and CIG to make his October payment at the end of the month. The following month, Fuller was notified that he must make the November payment in order to remain compliant with the financing agreement. He did so on November 30. On December 30, 2019 Fuller received a second notice informing him that his vehicle would be "charged off," meaning that his account would be written off as a loss and that the lender would proceed under the parties' financing agreement as if Fuller had defaulted.

On December 31 a repossession agent attempted to repossess the truck. The details of this attempt are interesting but ultimately irrelevant for purposes of deciding Car Source's motion. It is sufficient to note that Fuller contested the right to repossess his truck and that the details of the repossession attempt form a basis for Fuller's claims and occurred on December 31, 2019.

---

¹In deciding Car Source's 12(b)(6) motion to dismiss, the court construes Fuller's amended complaint in the light most favorable to Fuller, accepts as true all well-pleaded factual allegations therein, and draws all reasonable inferences in Fuller's favor. *See, e.g.*, *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). And because Fuller is *pro se*, the court must construe the allegations of the amended complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

In April 2020 Fuller contacted a consumer rights attorney to represent him in a civil suit against the defendants. During the following months, Fuller repeatedly followed up with the attorney, who eventually concluded that the best course of action was to seek arbitration of Fuller's claims. In August, the attorney informed Fuller of difficulty filing the claim with the American Arbitration Association ("AAA"). In November, the AAA notified Fuller that CIG and Car Source had failed to pay the required administrative fees and that the case would be dismissed. Fuller then expressed a desire to hire a different attorney, and the original attorney did nothing else in the case. Fuller filed the instant suit *pro se* 19 months later, on June 14, 2022.

Car Source moves to dismiss Fuller's FDCPA, DTPA, TDCA, and Texas tort claims under Rule 12(b)(6) on the basis that they are barred by the applicable statute of limitations. Fuller opposes the motion,[2] which the court is deciding on the briefs.

II

Limitations is an affirmative defense. *See* Rule 8(c)(1). To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d

---

[2]Car Source filed the motion to dismiss on July 7, 2022. Fuller's response was due on July 28, 2022. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Fuller filed his response one day late on July 29, 2022. Although Fuller's response was filed late, the court will consider it because the timing has neither interfered with the decisional process of the court nor materially prejudiced Car Source.

967, 970 (5th Cir. 1986)).  In other words, Car Source is not entitled to dismissal under Rule 12(b)(6) unless Fuller has "pleaded [himself] out of court by admitting to all of the elements of the defense."  *Cochran v. Astrue*, 2011 WL 5604024, at \*1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at \*3).  Even if Fuller does appear to plead himself out of court, however, this action may still move forward if the doctrine of equitable tolling applies to any of his claims, *see Sivertson v. Clinton*, 2012 WL 4473121, at \*3 (N.D. Tex. Sept. 28, 2012) (Fitzwater, C.J.), provided that the statute of limitations is neither fairly characterized as a statute of repose nor a jurisdictional bar.

III

A

The court first addresses Car Source's contention that Fuller's FDCPA claim is time-barred.  Under the FDCPA, "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Thus the applicable statute of limitations for all FDCPA claims is one year from the date on which the objectionable conduct occurred.  There is no applicable discovery rule—that is, it is irrelevant to the calculation of the limitations period when the potential plaintiff discovered the FDCPA violation.  *Rotkiske v. Klemm*, ___ U.S. ___, 140 S.Ct. 355, 360 (2019).  That is of no consequence here, however, because the date of the incident and the date on which Fuller became aware of defendants' alleged wrongdoing are the same.  One year from that date is

December 31, 2020. As a factual matter, Fuller's suit was filed well after that date—on June 14, 2022—and was therefore filed outside of the applicable limitations period.

Because Fuller's amended complaint includes several references to the date on which defendants' allegedly objectionable conduct occurred, and because that date is more than one year before the filing of the instant suit, a limitations defense "clearly appears on the face of the [amended] complaint" as to Fuller's FDCPA claim. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987) (citing *Kaiser Aluminum's Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

B

The court next considers Car Source's asserted limitations defense to Fuller's claims under the DTPA, the TDCA, and Texas law.

Car Source maintains that each of these claims is subject to a two-year limitations period. This is the correct limitations period with respect to Fuller's DTPA claim. *See* Tex. Bus. & Com. Code Ann. § 17.565; *accord Dragustinovis v. Centroplex Auto. Recovery, Inc.*, 2019 WL 613847, at *2 (Tex. App. Feb. 14, 2019, no pet.) (mem. op.). It is also correct as to Fuller's battery, negligence, and wanton and willful behavior claims, which are based in personal injury and thus governed by a general two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). The correct limitations period with respect to Fuller's TDCA claim, however, is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051; *accord Dragustinovis*, 2019 WL 613847, at *2.

Two years from the date of the incident is December 31, 2021. Again, because Fuller filed suit on June 14, 2022, his DTPA claim and his Texas-law claims were filed too late, unless there is an applicable exception to the limitations period. His TDCA claim is not time-barred, however, because four years from the date of the alleged wrongdoing is December 31, 2023.[3] Therefore, Fuller's DTPA and Texas tort claims are time-barred unless there is a basis to avoid the statute of limitations, but his TDCA claim is not time-barred.

IV

In his response to Car Source's motion to dismiss, Fuller invokes the doctrine of equitable tolling.

A

Fuller maintains that equitable tolling applies to a limitations period in a federal consumer law such as the FDCPA based on the Supreme Court's ruling in *Boechler, P.C. v. Comm'r*, ___ U.S. ___, 142 S.Ct. 1493 (2022). He also contends that several events that occurred between his first attempt to bring suit against the defendants in April 2020 and the date on which he filed the instant lawsuit excuse the untimeliness of his claims. For example, Fuller notes that he attempted to pursue arbitration first, going so far as to file a demand for arbitration with the AAA.

B

Fuller was not required to anticipate or to negate potential affirmative defenses in his

---

[3]Because December 31, 2023 is a Sunday and January 1, 2024 is a federal holiday, Fuller must file suit based on his TDCA claim no later than January 2, 2024.

amended complaint by, for example, raising equitable tolling. *See* Rule 12(b)(6); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007)*; Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). Accordingly, provided that the statute of limitations is neither fairly characterized as a statute of repose nor as a jurisdictional bar, Fuller may avoid dismissal at the Rule 12(b)(6) stage based on equitable tolling, even though he has not pleaded it in his amended complaint. *See Holland v. Florida*, 560 U.S. 631, 635 (2010); *see also Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, ___ U.S. ___, 137 S.Ct. 2042, 2051 (2017) (holding that "statutes of repose are not subject to equitable tolling."); *Boechler, P.C.*, 142 S.Ct. at 1500 (noting that "nonjurisdictional limitations periods are presumptively subject to equitable tolling.").

None of the applicable limitations provisions in the instant case is a statute of repose: none recites a particular date at which point any claim is extinguished. Additionally, the statutes are not jurisdictional. "Statutes of limitations and other filing deadlines 'ordinarily are not jurisdictional.'" *Musacchio v. United States*, 577 U.S. 237, 246 (2016) (citing *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013)). Moreover, a time bar is treated "as jurisdictional only if Congress has 'clearly stated' that it is." *Id.* Thus equitable tolling is available in suits such as this one and operates to "'preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In other words, when applicable, the doctrine can save an otherwise time-barred claim and permit that claim to move forward.

* * *

For the reasons explained, the court denies defendant Car Source's 12(b)(6) motion to dismiss.

**SO ORDERED**.

September 2, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE