IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDRICK FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-1289-D |
| | § | |
| CIG FINANCIAL, LLC, THE CAR | § | |
| SOURCE, LLC d/b/a HIDE AND SEEK | § | |
| RECOVERY, AND JULIUS SIMS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Edrick Fuller ("Fuller") against several defendants alleging claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021), the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2016), and Texas tort law, defendant CIG Financial, LLC ("CIG") moves under Fed. R. Civ. P. 12(b)(5) to quash Fuller's attempted service of process.[1]  For the reasons that follow, the court grants the motion.

---

[1] CIG also moves under Rule 12(b)(6) to dismiss Fuller's action for failure to state a claim on which relief can be granted and under Rule 12(e) for a more definite statement with respect to Fuller's battery claim.  The court denies these parts of CIG's motion without prejudice in view of its decision to quash service.

I

The relevant background facts of this case are largely set out in the court's recent memorandum opinion and order in this case and need not be repeated at length for purposes of deciding CIG's motion to quash. *See Fuller v. CIG Fin., LLC* (*Fuller I*), 2022 WL 4071964, at *1 (N.D. Tex. Sept. 2, 2022) (Fitzwater, J.).

Fuller has sued several defendants in this case and has hired professional process servers to serve them. One defendant—CIG—is based in Irvine, California. According to Fuller, CIG was served by Chad Smith ("Smith"), an employee of Process Service Associates, located in Van Nuys, California. Smith informed Fuller that he had served CIG at its Irvine office on June 23, 2022 by leaving the documents with an individual named Rachel Gomez ("Gomez"). The record in this case contains a proof of service that reflects that Smith in fact received a summons for "CIG Financial, LLC Rachel Gomez" on June 17, 2022, and that he personally served the summons "on the individual"—presumably Gomez, since CIG is not an individual— on June 23, 2022. No information is provided, however, about who Gomez is or what her role may be at CIG, assuming she has one. The amended complaint alleges that CIG is a California limited liability company, but does not allege that service can be effected through Gomez or any other named individual.

CIG moves to quash service of process under Rule 12(b)(5), contending that Fuller effected service using an inadequate method. Fuller opposes the motion,[2] which the court

---

[2]CIG filed its motion to dismiss on July 14, 2022. Fuller's response was due on August 4, 2022. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion

is deciding on the briefs.

II

A

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Neely v. Khurana*, 2008 WL 938904, at *2 (N.D. Tex. Mar. 12, 2008) (Ramirez, J.), *rec. adopted*, 2008 WL 938904, at *1 (N.D. Tex. Apr. 7, 2008) (Fitzwater, C.J.). Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff." *Crowell v. Looper L. Enf't, LLC*, 2011 WL 830543, at *5 (N.D. Tex. Mar. 10, 2011) (Fitzwater, C.J.) (quoting *Neely*, 2008 WL 938904, at *2). Once such a motion has been filed, "[t]he serving party bears the burden of proving the validity of service or good cause for failure to timely serve." *Byers v. Navarro Cnty.*, 2011 WL 4471024, at *1 (N.D. Tex. Sept. 27, 2011) (Fitzwater, C.J.) (citing *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (per curiam)).

B

Rule 4 provides a number of methods for serving a summons. For a defendant such as CIG, these include, *inter alia*, "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

---

must be filed within 21 days from the date the motion is filed."). Fuller filed his response one day late on August 5, 2022. Although Fuller's response was filed late, the court will consider it because the timing has neither interfered with the decisional process of the court nor materially prejudiced CIG. *See Fuller I*, 2022 WL 4071964, at *2 n.2 (same).

law to receive service of process," Rule 4(h)(1)(B), or following state law, Rule 4(h)(1)(A) (citing Rule 4(e)(1)). The applicable state law is the "law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Rule 4(e)(1). Because Fuller filed suit in this court—a district court located in Texas—Fuller could follow Texas law for serving CIG. And because Fuller attempted to serve CIG in California, he could follow California law when attempting to serve CIG.

Under both Texas and California law, service by a process server on an appropriate agent or officer is acceptable. *See* Tex. Bus. Orgs. Code Ann. § 5.255(3) (West 2006) (addressing domestic or foreign limited liability companies); Cal. Civ. Proc. Code § 416.40(b) (West 2007) (addressing unincorporated associations). Each jurisdiction requires, however, that process be served on someone who holds a particular position. For instance, California law requires that a complaint be delivered to "the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." Cal. Civ. Proc. Code § 416.40(b). Texas law provides for service on an agent of a limited liability company, including any manager of a manager-managed company or member of a member-managed company. Tex. Bus. Orgs. Code Ann. § 5.255(3) (West 2006); *see also BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App. 2012, no pet.). Federal law likewise provides for service of a copy of the summons and complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law

- 4 -

to receive service of process. . . ." Rule 4(h)(1)(B).[3]

C

CIG contends that Fuller's chosen method of service was inadequate. Fuller responds that he contracted with a professional process server to serve CIG at its place of business in California. As explained above, once CIG challenged Fuller's attempt to serve CIG, Fuller became obligated as the serving party to prove the validity of service or good cause for failure to timely serve. *See Byers*, 2011 WL 4471024, at *1.

Fuller has not established that service was made on the correct person. He asserts that he hired Smith's employer to serve CIG at its Irvine, California office and that service was completed on June 23, 2022. But the proof of service shows only that the summons was served on an individual—perhaps affiliated with CIG—named "Rachel Gomez." Nowhere has Fuller established that Gomez holds a particular position with CIG that would qualify her as someone on whom service of the summons and complaint could lawfully be made. Fuller has therefore failed to prove the validity of service on CIG. Nor has he proved good cause for his failure to timely serve CIG. CIG's motion to quash must therefore be granted.

---

[3]Although Rule 4(h) explicitly refers only to corporations, partnerships, and associations, several judges of this court have held that it applies with equal force to limited liability companies. *See, e.g.*, *Lickerish, Ltd. v. GLM Omnimedia Grp., LLC*, 2022 WL 913059, at *3 (N.D. Tex. Feb. 16, 2022) (O'Connor, J.); *Feline Instincts, LLC v. Feline Future Cat Food Co., Inc.*, 2010 WL 4942188, at *6 (N.D. Tex. Dec. 6, 2010) (Means, J.).

\* \* \*

For the reasons stated, CIG's motion to dismiss for insufficient service of process is granted, and Fuller is ordered to make valid service on CIG and to file proof of such service within 28 days from the date this memorandum opinion and order is filed.  Because Fuller has not yet established that this court has personal jurisdiction over CIG, CIG's motion to dismiss under Rule 12(b)(6) for failure to state a claim and its motion for a more definite statement under Rule 12(e) are denied without prejudice.

**SO ORDERED**.

September 13, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE