IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDRICK FULLER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:22-CV-1289-D |
| VS. § | |
| § | |
| CIG FINANCIAL, LLC, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Edrick Fuller ("Fuller") against CIG Financial, LLC ("CIG") and several other parties, CIG moves under Fed. R. Civ. P. 26(c) for a protective order excusing it from responding to a discovery request served by Fuller fewer than 30 days before the discovery deadline. Concluding that CIG has met its burden, and for the reasons that follow, the court grants the motion.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order[1] and need not be repeated at length for purposes of deciding CIG's motion for protective order.

Under the original scheduling order, the parties were required to complete discovery by September 1, 2023. On the parties' joint motion, the court extended to October 2, 2023

---

[1] *See Fuller v. CIG Fin., LLC*, 2022 WL 4071964, at *1 (N.D. Tex. Sept. 2, 2022) (Fitzwater, J.).

the deadline to complete depositions, file summary judgment motions, and file motions not otherwise covered by a scheduling order (including motions for protective order). Both the joint motion and Fuller's response to it specifically requested that "no other existing deadlines in the current Scheduling Order" be affected by the court's extension order. ECF No. 43, at 3; ECF No. 44, at 4.

On August 9, 2023 Fuller served on CIG his first and only written discovery request. CIG responded by filing the instant motion, contending that it should be excused from complying with Fuller's discovery request because it was filed fewer than 30 days before the discovery deadline and is therefore untimely. CIG's motion does not include the required certificate of conference, although the motion unquestionably is opposed.

II

Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Rule 26(c)(1). If the court deems the motion meritorious, it may impose a protective order that, *inter alia*, "forbid[s] the disclosure or discovery" sought. Rule 26(c)(1)(A). The court has broad discretion to grant a motion for protective order on a showing of "good cause," "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(1). "The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, J.). The party seeking the protective order bears the burden of making a specific objection and showing that the

discovery fails the Rule 26(b)(1) proportionality calculation. *Carter v. H2R Rest. Holdings, LLC*, 2017 WL 2439439, at *4 (N.D. Tex. June 6, 2017) (Horan, J.).

Courts have often held that a protective order may be used to excuse a party from responding to untimely discovery requests. *See, e.g.*, *Bernard v. Lightsey*, 2014 WL 7338952, at *4 (W.D.N.C. Dec. 23, 2014); *Metro. Life Ins. Co. v. Betancourt*, 2014 WL 12622925, at *2-3 (E.D.N.C. Oct. 27, 2014); *Soc'y of Pro. Eng'g Emps. in Aerospace, IFPTE Local 2001, AFL-CIO v. Boeing Co.*, 2009 WL 3711599, at *9-10 (D. Kan. Nov. 3, 2009); *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. Mar. 26, 2008); *see also State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2018 WL 10391736, at *1 (N.D. Tex. Dec. 17, 2018) (Rutherford, J.) (granting motion to quash and for protective order where subpoena was untimely). The rules explicitly provide for relief when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Rule 26(b)(2)(C)(ii).

III

Fuller's discovery request is clearly untimely. He served the request on August 9, meaning that CIG's response was not even due until September 8—after the September 1 deadline to complete discovery. Many courts (including judges of this court) have held that discovery requests are untimely when, as here, they are served fewer than 30 days before the discovery deadline. *See, e.g.*, *Droblyn v. Rock-Tenn Servs., Inc.*, 2014 WL 798381, at *1 (N.D. Tex. Feb. 28, 2014) (Horan, J.) (request served 3 days before deadline untimely); *Bishop v. Potter*, 2010 WL 2775332, at *1 (D. Nev. July 14, 2010) (request served 16 days

before deadline untimely); *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (interrogatories served 6 days before deadline untimely). *Cf. Brooks v. Johnson & Johnson*, 1990 WL 92569, at *1 (E.D. Pa. June 28, 1990) (discovery requests must be made with "sufficient time to allow the answering party to respond before the termination of discovery"); *N. Ind. Pub. Serv. Co. v. Colo. Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986) (it is "common sense" that discovery requests must be made with sufficient time to respond before deadline). And Fuller has had five months since the original scheduling order in which to obtain this information by discovery, but he did not file a discovery request until fewer than 30 days before the deadline. Thus there is good cause to enter a protective order excusing CIG from responding to Fuller's discovery request.

Nonetheless, Fuller contends that CIG's motion should be denied. First, he asserts that CIG failed to comply with Rule 26(c)(1) and N.D. Tex. Civ. R. 7.1, because CIG neither conferred with him before filing the motion nor included a certificate of conference in the motion. *See* Rule 26(c)(1); Local Civil Rule 7.1(a). Fuller is correct that CIG violated both Rule 26(c)(1) and N.D. Tex. Civ. R. 7.1. But "[a] failure to satisfy conference requirements does not . . . mandate summary denial of [the motion,] because the Court retains discretion to waive strict compliance with the conference requirements and to consider the motion[] on [its] merits." *Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) (Solis, C.J.) (internal quotation marks omitted) (citation omitted), *modified in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015). The court in its discretion can excuse a failure to confer when "it is clear that the motion is opposed and that a conference would neither have

eliminated nor narrowed the parties' dispute." *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.). Here, although CIG's failure to confer and to include a certificate of conference violated both the Federal Rules of Civil Procedure and the court's Local Civil Rules, it is clear that the motion is opposed. The issue in dispute—whether a discovery request issued within 30 days of the discovery deadline is permissible—was also already sufficiently narrow. The court therefore will not deny CIG's motion based solely on its failure to comply with Rule 26(c)(1) and Local Civil Rule 7.1. *See State Auto. Mut. Ins. Co.*, 2018 WL 10391736, at *2 (declining to deny motion to quash and for protective order due to failure to comply with Rule 26(c)(1) and Local Civil Rule 7.1).[2]

Fuller also contends that CIG's motion should be denied because it is untimely under the "Civil Discovery Handbook" used by some U.S. District Courts. But this court does not use a "Civil Discovery Handbook." In civil cases, this court follows the Federal Rules of Civil Procedure and the Local Civil Rules. Under these rules, CIG's deadline to file its response or to file a motion for protective order concerning Fuller's August 9 discovery

---

[2]Even so, it bears emphasizing that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated." *Obregon*, 2002 WL 1792086, at *1 n.3. Indeed, a judge of this court has cautioned that "future noncompliance with the certificate of conference requirement may result in the Court striking the offending motion from the docket." *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *1 n.1 (N.D. Tex. Oct. 30, 2017) (Toliver, J.). The importance of the conference in this specific context is highlighted by the fact that Rule 26(c)(1) imposes its own conference requirement when a party or person from whom discovery is sought moves for a protective order.

request was September 8, 2023. *See* Rule 34(b)(2)(A). CIG filed this motion, as well as its response to the discovery request, by that deadline. The court therefore will not deny the motion on these grounds.

Finally, Fuller, who is *pro se*, asserts that he does not believe his discovery request is untimely, because he understood the court's order extending the time to complete depositions to have also extended the time to complete all discovery. The court disagrees. The parties' joint motion to extend three specific deadlines explicitly stated that it did not request an extension of all discovery, and Fuller's response to the joint motion affirmed that. *See* ECF No. 43, at 3; ECF No. 44 at 4. And while federal courts have a "traditional disposition of leniency toward *pro se* litigants," *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam), a party's "status as a *pro se* litigant does not excuse him from complying with the rules," *Combs v. Valdez*, 2006 WL 3476594, at *1 (N.D. Tex. Nov. 30, 2006) (Fitzwater, J.); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam) ("One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure."). "[T]hat [a *pro se* litigant] may have misunderstood [an order] does not excuse [his] failure to meet its deadlines." *Jones v. FJC Sec. Servs., Inc.*, 612 Fed. Appx. 201, 203-04 (5th Cir. 2015) (per curiam). Here, the court's order clearly extended only the deadline to complete depositions, not the deadline to complete all discovery. Fuller's misunderstanding of that order does not entitle him to relief.

IV

Under Rule 16(b)(4), the court can modify a scheduling order "for good cause." Rule 16(b)(4). To satisfy the good cause standard, the moving party must show that, despite his diligence, he could not reasonably have met the scheduling order's deadline. *See S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

Fuller does not ask the court to modify the original scheduling order under Rule 16(b)(4) in a manner that would make his discovery request timely. But even if the court construes his response to CIG's motion as asking for such a modification, Fuller has not shown good cause. There is no indication that, despite Fuller's diligence, he could not reasonably have served his discovery request at least 30 days before the discovery deadline. Thus no modification of the original scheduling order to extend the discovery deadline is warranted.

\* \* \*

Because CIG has demonstrated that Fuller's discovery request is untimely, the court grants CIG's motion and enters a protective order excusing CIG from responding to Fuller's August 9, 2023 discovery request and denying Fuller's requested discovery.

**SO ORDERED**.

October 19, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE