IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

EDRICK FULLER, §
§
  Plaintiff, §
§
v. §          Civil Action No.: 3-22-cv-1289-D
§
CIG FINANCIAL, LLC, AND THE CAR §
SOURCE, LLC d/b/a "HIDE AND SEEK §
RECOVERY," §
§
  Defendants. §

## PLAINTIFF'S MEMORANDUM AND OPINION FOR MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT comes now Edrick Fuller (Plaintiff), Pro-se in the above-styled and numbered cause, and files this its Motion to Compel and Motion for Sanctions and would respectfully show as follows:

RELIEF REQUESTED. Dismisses of the defenses on liability as sanctions against the Defendants for Failure to make proper Initial Disclosures and Discovery terms.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

A. Rule 26(a).

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial disclosures "without awaiting a discovery request."

Rule 26(a)(1)(A)

   (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;


   (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;


   (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

   On Friday October 13, 2023, 43 days after the Discovery Deadline and 2 weeks before Summary Judgement is due, CIG Financial Supplemented their Initial Disclosures by adding Consolidated Asset Recovery System, Inc.

stating that they are a non-party to this suit and responsible third-party who is liable to CIG or to Plaintiff for all or part of Plaintiff's claims against CIG(See Attachment). As of the filing of this Motion, The Car Source has not even supplemented its disclosure by adding Consolidated Asset Recovery System, Inc. as the people who directly hired them. Nor has the Car Source even submitted Initial Disclosures to Plaintiff.

**Fed. R. Civ. P. 37(c)(1). Rule 26(e), which directs parties to supplement previous disclosures and discovery, "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." Barlow v. Gen. Motors Corp., 595 F.Supp. 2d 929, 935-36 (S.D. Ind. 2009). Harmlessness is the standard under Rule 37, not prejudice. Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003). The burden is on the party disclosing materials late to show that the tardy disclosure is harmless. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003). To establish  harmlessness, the opposing party must show that the failure to produce the documents involved an honest mistake and that the other party had knowledge of the documents. Sommer, 317 F.3d at 692.**

Plaintiff filed his Complaint June 14, 2022. The deadline for Initial

disclosures passed over a year ago, the deadline for discovery was September

1, 2023. CIG states it was unbeknownst to them between these times that they

hired Consolidated Asset Recovery to perform the repossession. Plaintiff

rejects that excuse. This is not information that was Newly discovered, this is

information that was already known to them and was being tactically withheld

by both defendants. If CIG and the Car source would have supplemented their

initial disclosures in a timely fashion before the close of Discovery deadline,

before  and during our conferences to extend the Discovery deadline, Plaintiff

would have had another and justifiable reason to extend the discovery

deadline on his part that the Judge said he did not have. CIG should not be

able to supplement its Initial disclosures this late past the Discovery Deadline,

that was before the Judges order on the Protective order and 2 weeks before

Summary Judgement, and Surprising Plaintiff by shifting Liability to a

non-party who they willfully failed to disclose in a timely manner. This was

done in a scandalous manner in a way that Consolidated Asset Recovery

System, Inc. could not be added as a party, which would allow CIG to be able

to shift liability and ask to be granted summary judgment on damages because

they are not liable. It would also harm and prejudice Plaintiff Who would not

be able to collect damages from Consolidated Asset Recovery System,

Inc.since they were willfully disclosed of late to where Plaintiff was not able to add them as a party. It also harms and prejudices the plaintiff as he has to change his preparation for summary Judgment because CIG has added someone who they claim is liable that Plaintiff knew nothing about in 2 weeks.

Rule 26(e)(1) requires a party making initial disclosures to "supplement or correct its disclosures or responses. . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

CIG is trying to undermine the Court and the Judges' Integrity by saying the contractor they hired to repossess the vehicle was unbeknownst to them until October 13, 2023. Hiring someone else who you believe is liable is not information you  forget in a case like this, it is information that you withhold to protect a party from liability and then be able to shift liability on later Surprising and causing prejudice to the plaintiff. There is no excuse or substantial justification that CIG or the Car Source could give as to why someone who CIG knew they hired and who the Car Source knew they were hired by, was not supplemented before the Initial Disclosure Deadline and

Discovery Deadline. A reason for not doing so would be to not give Plaintiff another reason to have the deadline extended which he was already asking for under another reason, which would allow them to file a protective order on discovery responses. Also Plaintiff did not want to say outright his reason for being late with discovery request because I could not prove it, so I just insinuated it, but after reading discovery request from CIG, upon next later shutoff and restart of plaintiffs computer, Plaintiffs computer greeted him with a blue screen of death as the computer people called it. I have never had that problem before. The Computer people said it might be a virus or something that caused it, and the only way to get the computer working again was to do a fresh install and I would lose everything not downloaded. We had an in person Conference about this after deposition where CIG also asked for continuance of a deposition which I now see was to only get in the way of Plaintiff asking for an extension of the discovery deadline, because they never scheduled another deposition that they asked for an extension for. They just wanted to write the motion knowing Pro-se Plaintiff did not fully know what to do and use it against me. The Court ruled in their favor. Now in light of this New Information provided By CIG in their Supplemented initial Disclosures that they already knew of and should have been supplemented before the deadline of September 1, 2023 and conferences to extend the deadline,

Plaintiff believes the Court should reverse its granting of protective order and demand CIG and the Car Source to respond to Plaintiff Discovery request and allow Plaintiff time to respond to the New party whom he never knew existed..

A party who fails to comply with its initial disclosure requirements and duty to timely supplement or correct disclosures or responses may not use any information not disclosed or supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 27(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). A party facing sanctions under Rule 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or incorrect responses bears the burden of establishing that its failure to disclose the required information was substantially justified or is harmless. Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008).

Defendants intentionally withheld and concealed the fact that there was another company/party that should be involved in the claim as a party not a witness. This is something that should have come to their attention and supplemented, that they hired another Contractor when the Judge issued the scheduling order, under the Pre-Trial Schedule ordering that joinder of parties should be done by May 1, 2023 if CIG intended to shift liability to a third

party that they knew existed. Furthermore, Supplementing their initial disclosures anytime after August 1, 2023 would have automatically had the plaintiff to ask the court for a Discovery deadline extension in order to respond to this New Information that is just not any ole witness that Plaintiff already had knowledge of. Plaintiff has been greatly prejudiced because he has proceeded through this litigation for almost a year and a half without knowledge of important material information about a liable party.

This also puts the Car Source in a position of a complete Failure to Disclose as they tried to withhold this information to shield the ones who hired them from liability. The Car source and CIGS withholding of this important information was in bad faith and is a blatant abuse of the discovery process.

**Rule 37.(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.** Initial disclosures and supplemented initial disclosures are part of the discovery process. These actions by defendants are considered an abuse of the discovery process as well.

Rule 37(c) governs failure to disclose information under Rule 26 which states: A party that without substantial justification fails to disclose

information required by Rule 26(a) or 26(e)(1), or to amend a prior response

to discovery as required by Rule 26(e)(2), is not, unless such failure is

harmless, permitted to use as evidence at a trial, at a hearing, or on a motion

any witness or information not so disclosed.

## SANCTIONS

A monetary Sanction is appropriate because the defendants have been

repeatedly reckless in their disregard of the rules of this court and the Federal

Rules of Civil Procedure as licensed attorneys with years of practice. To start,

docket no 12,15 or 28, both attorneys for defendants filed into this case

without proper notice of appearances by attorneys. The motion for a more

definite statement was a waste of time for Plaintiff to have to respond to, and

for the Judge to rule on. Any reasonable inquiry into the issue would have

informed CIG attorneys that Battery is recognized in Texas as Plaintiff

quickly found out from his simple google search and not wasted our time.

Having the Plaintiff serve again  can also be considered a delay and a waste of

time since they answered the first. Pursuant to Fed. R. Civ. P. 7.1 and LR 7.4,

CIG and the Car Source did not file their Certificate of Interested

Persons/Disclosure Statement at their first appearance as required by the

rules, docket no 22,23, instead they did not file their Certificate of Interested

Persons/Disclosure Statement until August 24, 2023. The Mediation that CIG

kept requesting only makes sense if it was done just to charge their client another fee, because the lowball number the Defendants started with and low counter that they would not move off of was a waste of time and could have been done over the phone or email. Why request mediation if they knew they were not going to come up from a lowball offer of settlement that they knew would not be accepted? Also, as of the filing of this Motion, the Car Source has yet to submit to Plaintiff their Initial Disclosures at all, another abuse of the Discovery Process, but has requested and received Discovery request from Plaintiff, but has objected to send their discovery responses to Plaintiff based on the Judges ruling on CIGS Protective order, because they received its Discovery request from Plaintiff around the same time as CIG. CIG again violated FRCP and Local rules when it refused to have a conference notifying Plaintiff of an ensuing protective order before filing a protective order, a conference where we could have agreed to extend the discovery deadline, which would have been the ethical thing to do and not prejudice Plaintiff from discovery responses when he had been asking to extend the deadline to receive responses all along. Even though the judges discretion allowed their scandalous tactic to prevail, they still garnered a warning about not following the rules. See footnotes docket no 53, pg 5

**Even so, it bears emphasizing that the "[f]ailure to comply with a local**

**civil rule of this court is to be carefully avoided and should not be repeated."**

With the untimely supplement of CIGS Initial Disclosure and The Car Sources absent Initial Disclosure, Plaintiff ask the courts to Sanction both defendants for their abuse of the Discovery Process, the Judges Scheduling order and their repeated failure to comply with Local And Federal  Rules of Civil Procedure. These are Licensed Attorneys who are defending this action as if Judge Fitzgeralds court does on go by the rules that have been required.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a party's motion or on its own motion, including any sanction authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a scheduling order or other pretrial order. Id. Sanctions for failure to obey a discovery order include, among other things, striking a party's pleadings in whole or in part or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi)

Even though Plaintiff is also asking for monetary sanctions, a sanction of Default is also appropriate, because "Simply assessing monetary sanctions does not adequately ensure future compliance with the Federal Rules of Civil Procedure. The Court is concerned that such sanctions would create an incentive for law firms and parties to make a calculated decision to engage in

discovery abuse. Parties and their counsel should not be encouraged to weigh the benefits of withholding discoverable information against the risk of sanctions for non-disclosure in the event the abuse is discovered. The Court believes that the only adequate deterrent in this case under all the circumstances is a finding of liability against the defendants." *Heath v. Zolotoi*, 221 F.R.D. 545, 553 (W.D. Wash. 2004)

Rule 37(c)(1) permits a district court, in its discretion, to enter a default judgment against " [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ...." FED. R. CIV. P. 37(c)(1) (permitting courts to impose sanctions authorized in Rule 37(b)(2)(C)). Moreover, federal courts have inherent power to impose sanctions against both attorneys and parties for bad faith conduct in litigation or for willful disobedience of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir.1995) (dismissal appropriate where " a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" ); Henry v. Gill Indus., Inc., 983 F.2d 943, 946-47 (9th Cir.1993) (dismissal appropriate for " repeated and flagrant" discovery abuses); North Am. Watch Corp. v. Princess

Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986) (dismissal appropriate for concealing documents and violating court orders).

Plaintiff seeks the most serious of sanctions against Defendants because Defendants have withheld important material information regarding liability throughout discovery. Discovery closed September 1,2023, and the deadline for Initial Disclosures has been well over a year. Therefore it is believed that defendants deliberately withheld information that Plaintiff was entitled to know if CIG was going to claim them having liability as a defense.

Relief sought in this case is appropriate due to the facts of this case as well as application of rules 1, 11, 26(g), 33, 34, and 37(d) of the Federal Rules of Civil Procedure.

Imposition of Sanctions is Justified and is within the inherent power of the court to impose Sanctions on any litigant. Plaintiff invokes the sanction remedies available under F.R.Civ.P 37 and the inherent power of the court to impose Sanctions against defendants for discovery misconduct and repeated failure to comply with Local and federal rules of Civil Procedure. The nature of the sanction imposed is a matter left to the discretion of the court. See Albright v. UpJohn Co. 788 F. 2d 1217, 1222 (6th cir 1986). The Court may impose a variety of Sanctions ranging from an award of cost and Attorney fees, to preclusion of Issues or evidence, see e.g Smith v. Schlesinger  513 F

2d. 462, 467 N 10(D.C Cir 1975). Or the court can enter default. See e.g

<u>Hindman v. National-Ben Franklin Life Ins. Corp</u> 677 F 2d 617,621-622(7th

Cir 1982). The purpose of Federal Rules governing Discovery is to get to the

Truth. See <u>Deseversky v. Republic Aviation Corp</u> 2 F.R.D, 113, 114, (E.D

N.Y 194).

Rule 1 of the Federal Rules of Civil Procedure Establishes the scope and spirit

of Federal Rules.

> They Shall be construed and administered to secure the just, speedy and
>
> inexpensive determination of every action

The conduct of the defendants have certainly not facilitated the just, speedy or

inexpensive determination of this action. On the Contrary, the Defendants

strategy has been to withhold, deceive and mislead the Plaintiff. The Bedrock

of the Federal Discovery process is to search for the truth. If Defendants are

allowed to flaunt their obligation of full disclosure, the litigation process is

reduced to a hollow formality, dependent upon luck. This "sporting theory of

justice" was long ago rejected by the Federal Courts. See 8 Charles White and

Arthur R. Miller, Federal Practice and Procedure 2001 at 18-19 (1970 and

Supp. 1992)

## CONCLUSION

The scandalous and deceitful actions date back to 2020 when Plaintiff first

desired to have this claim resolved. This case should have been resolved then.
Under the circumstances, no sanctions against defendants would be too great.
Defendants through their Attorneys at Thompson, Coe, Cousins & Irons, LLP
and The Parzivand Law Firm, PLLC have deliberately withheld important
material information from Plaintiff, repeatedly failed to comply with Local
and Federal Rules of Civil Procedure, failed to comply with Scheduling order,
and has overall undermined the integrity of this court and the Federal
discovery process by abusing it. Initial Disclosure deadlines have passed,
Discovery is now closed, Plaintiff is preparing for Summary Judgement and
CIG decides to Supplement Initial Disclosure shifting liability with two
weeks left. Plaintiff has been Prejudiced.

The court is to respectfully issue an order determining Liability in favor of
Plaintiff and leaving only the issue of damages to Trial. Plaintiff further
request terms.

Dated this 27th day of October 2023

By: /s/Edrick Fuller

Edrick Fuller

1906 Berwick

Dallas, Tx, 75203

edrick.fuller@my.untdallas.edu

Pro-Se Plaintiff.


## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant CIG Fininacial LLC
Farrah Ahmed, through email regarding the contents and merits of this
Motion on October 14 and 16, 2023, and that pro se Plaintiff would be filing a
motion for sanctions for default, compelling discovery and to extend time to
file Summary Judgement. However, the Attorney for the Car Source has yet
to respond, which is normal for him, he rarely has responded at all.
/s/Edrick Fuller
Edrick Fuller

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, electronically filed this document
with the U.S. District Court for the Northern District of Texas and, through
the electronic filing system, a copy of the foregoing document was served on
the following counsel and parties of record:

Farrah I. Ahmed
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 North Pearl, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Email: fahmed@thompsoncoe.com

Hessam Parzivand
The Parzivand Law Firm, PLLC
10701 Corporate Dr., Suite 185
Stafford, Texas 77477
Email: hp@parzfirm.com
Attorney for Defendant The Car Source LLC
/s/Farrah Ahmed
Farrah I. Ahmed, Esq

 /s/Edrick Fuller
Edrick Fuller

## Attachments

10/27/23, 5:07 AM                                                                                    Mail - Fuller, Edrick - Outlook

**[EXT] Edrick Fuller v. CIG Financial, LLC, et al. [IWOV-TCLAW.12673.003]**

Beavers, Jackie <JBeavers@thompsoncoe.com>
Fri 10/13/2023 4:15 PM
To:Fuller, Edrick <EdrickFuller@my.untdallas.edu>
Cc:hpi@parzfirm.com <hpi@parzfirm.com>;Ahmed, Farrah <FAhmed@thompsoncoe.com>

📎 attachments (253 KB)
2023-10-13 - CIG Supplemental Initial Disclosures.pdf;

Mr. Fuller,

Attached is *Defendant CIG Financial, LLC's Supplemental Rule 26(a)(1) Initial Disclosures* in the above-referenced matter.

Jackie Beavers • Legal Secretary
**THOMPSON**  Legal Secretary to James L. Sowder, Tom Culpepper, Robert O. Lamb, Farrah Ahmed, and Kevin Buge
**COE**
700 North Pearl Street, 25th Floor, Dallas, TX 75201
o: 214-880-2845

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

EDRICK FULLER, §
§
Plaintiff, §
§
v. § Civil Action No.: 3-22-cv-1289-D
§
CIG FINANCIAL, LLC, THE CAR §
SOURCE, LLC d/b/a "HIDE AND SEEK §
RECOVERY," AND JULIUS SIMS, §
§
Defendants. §

## DEFENDANT CIG FINANCIAL, LLC'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES

To: Pro Se Plaintiff Edrick Paul Fuller ("Plaintiff"), 1906 Berwick, Dallas, Texas 75203; and

Defendant The Car Source LLC d/b/a "Hide and Seek Recovery" ("Car Source"), through its attorney, Hessam Parzivand of The Parzivand Law Firm, PLLC, 10701 Corporate Dr., Suite 185, Stafford, Texas 77477.

Defendant CIG Financial, LLC ("CIG") hereby makes this supplement and correction to

its Initial Disclosures as required by Federal Rule of Civil Procedure 26(e).

CIG supplements and corrects its original Initial Disclosures as follows:

A.      Individuals with Discoverable Information

Fed. R. Civ. P. 26(a)(l)(A)(i): The name, and if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
Response:

1. Edrick Paul Fuller
1906 Berwick
Dallas, Texas 75203
Tel.: (214) 907-1576
        Email: edrickfuller@my.untdallas.edu

Defendant CIG Financial LLC's Supplemental Rule 26(a)(1) Initial Disclosures                Page 1
Error! Unknown document property name.
Error! Unknown document property name.

Pro Se Plaintiff in this suit. Plaintiff may have knowledge about the Motor Vehicle Retail Installment Sales Contract (the "Installment Sales Contract") he entered into and executed on January 16, 2019, when he purchased the vehicle in controversy, a 2013 Ford F-150 pickup truck with VIN ending in A46085 ("Vehicle"), and Plaintiff's contractual obligations thereunder; Plaintiff's breach and default of the Installment Sales Contract; the attempted repossession of the Vehicle in controversy on or about December 31, 2019; and other material facts and witnesses.

2. The Car Source LLC d/b/a "Hide and Seek Recovery"
c/o Hessam Parzivand
The Parzivand Law Firm, PLLC
10701 Corporate Dr., Suite 185
Stafford, Texas 77477
Email: hp@parzfirm.com
Tel.: (713) 533-8171

Defendant in this suit and the tow company who was *not hired by CIG* but actually by CIG's independent contractor, Consolidated Asset Recovery System, Inc. (a non-party to this suit), to repossess the Vehicle from Plaintiff on or about December 31, 2019. Car Source's members, officers, managers, corporate representatives, employees, and agents may have knowledge about the attempted repossession of the Vehicle on or about December 31, 2019, and Plaintiff's conduct and statements that day; and other material facts and witnesses.

3. Julius Sims
Address unknown
Telephone number unknown

A former defendant party to this suit and is/was an employee or contractor of Car Source. Mr. Sims was the tow truck driver/repossession agent on or about December 31, 2019. Mr. Sims has knowledge about Plaintiff's behavior and statements during the repossession event, and other material facts and witnesses.

4. CIG Financial LLC
c/o Farrah I. Ahmed
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 North Pearl, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Email: fahmed@thompsoncoe.com

Defendant in this suit and secured lender with secured interests to and on Plaintiff's Vehicle. CIG's corporate representatives and employees have personal knowledge about the Installment Sales Contract executed by Plaintiff, Plaintiff's CIG account and his payment history, Plaintiff's breach and default of the Installment Sales Contract, Incident, the attempted repossession of the Vehicle on or about December 31, 2019, and other material facts and witnesses.

Defendant CIG Financial LLC's Supplemental Rule 26(a)(1) Initial Disclosures                    Page 2
Error! Unknown document property name.
Error! Unknown document property name.

5. Farrah I. Ahmed
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 North Pearl, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Email: fahmed@thompsoncoe.com

Attorney for Defendant CIG. Ms. Ahmed may testify regarding the reasonableness and necessity of attorney's fees and costs incurred by CIG in this lawsuit.

6. Consolidated Asset Recovery System, Inc.

4800 Six Forks Rd., Ste. 350
Raleigh, NC 27609
Tel.: (615) 762-2587; 919-518-2277

A non-party to this suit and responsible third-party who is liable to CIG or to Plaintiff for all or part of Plaintiff's claims against CIG. Consolidated Asset Recovery System, Inc. is the repossession agency and contractor of CIG who, unbeknownst at that time, directly hired Defendant, The Car Source LLC d/b/a "Hide and Seek Recovery", to repossess the Vehicle from Plaintiff on or about December 31, 2019. Consolidated Asset Recovery System, Inc.'s shareholders, officers, managers, corporate representatives, employees, and agents may have knowledge about the attempted repossession of the Vehicle on or about December 31, 2019, and other material facts and witnesses.

CIG incorporates and cross-designates all witnesses identified by Plaintiff, Car Source, and other parties to this suit; and reserves the right to elicit expert testimony from other witnesses examined herein to the extent they qualify to offer evidence by their knowledge, skill, experience, training, or education. CIG reserves the right to supplement its response to this request insofar as their investigation and discovery are continuing.

B.    <u>Relevant Documents and Tangible Things</u>

Fed. R. Civ. P. 26 (a)(l)(A)(ii): A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses unless solely for impeachment:

<u>Response</u>:

CIG may use the following documents to support its defenses or claims: the Motor Vehicle Retail Installment Sales Contract executed by Plaintiff on January 16, 2019 (the "Installment Sales Contract"); CIG's Account Payment History Report for Plaintiff; CIG's notes on Plaintiff's CIG loan account; communications and documents exchanged between CIG and Plaintiff, including, but not limited to, CIG's correspondences and notices to Plaintiff regarding his CIG account; attorney's fees statements and invoices in support of CIG's claim for attorney's fees and costs; the Agreement for Repossession Services executed between CIG and Consolidated Asset Recovery System, Inc. dated September 26, 2018; and other documents and information relevant to CIG's defenses and/or claims. Such documents are within CIG's possession.

Defendant CIG Financial LLC's Supplemental Rule 26(a)(1) Initial Disclosures                Page 3
Error! Unknown document property name.
Error! Unknown document property name.

CIG reserves the right to supplement its response to this request insofar as their investigation and discovery are continuing.

C.     <u>Information Related to Calculation of Damages</u>

Fed. R. Civ. P. 26 (a)(l)(A)(iii): A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

<u>Response</u>:

CIG denies that it is liable for Plaintiff's alleged damages, or that it caused such alleged damages. Also, CIG seeks attorney's fees and court costs from Plaintiff pursuant to paragraph 9 of the Installment Sales Contract executed by Plaintiff. CIG will further seek additional attorney's fees and court costs in the event of an appeal to the U.S. Court of Appeals for the Fifth Circuit.

CIG reserves the right to supplement its response to this request insofar as their investigation and discovery are continuing.

D.     <u>Insurance Agreements Required To Be Disclosed</u>

Fed. R. Civ. P. 26 (a)(l)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

<u>Response</u>: CIG reserves the right to supplement its response to this request insofar as their investigation and discovery are continuing.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: /s/*Farrah Ahmed*
Farrah I. Ahmed
State Bar No. 24071934
fahmed@thompsoncoe.com

700 N. Pearl Street, 25th Floor

Plaza of the Americas
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

ATTORNEY FOR DEFENDANT CIG
FINANCIAL LLC

Defendant CIG Financial LLC's Supplemental Rule 26(a)(1) Initial Disclosures                    Page 4
Error! Unknown document property name.
Error! Unknown document property name.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on the 13th day of October 2023, a copy of the foregoing document was served on the following counsel and parties of record:

| | |
|---|---|
| Edrick Paul Fuller<br>1906 Berwick<br>Dallas, Texas 75203<br>Email: edrickfuller@my.untdallas.edu<br>*Pro-se Plaintiff* | Hessam Parzivand<br>The Parzivand Law Firm, PLLC<br>10701 Corporate Dr., Suite 185<br>Stafford, Texas 77477<br>Email: hp@parzfirm.com<br>*Attorney for Defendant The Car Source LLC* |

*/s/Farrah Ahmed*
Farrah I. Ahmed, Esq.

Defendant CIG Financial LLC's Supplemental Rule 26(a)(1) Initial Disclosures                         Page 5
Error! Unknown document property name.
Error! Unknown document property name.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

EDRICK FULLER,                          §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        Civil Action No.: 3-22-cv-1289-D
                                        §
CIG FINANCIAL, LLC, AND THE CAR         §
SOURCE, LLC d/b/a "HIDE AND SEEK        §
RECOVERY,"                              §
                                        §
        Defendants.                     §


## ORDER GRANTING  MOTION  FOR SANCTIONS

THIS MATTER having come up on the motion of Plaintiff, and the courts

having reviewed the record and files herein and being fully advised of the

premises does hereby ORDERED, ADJUDGED AND DECREE that

defenses raised by the Defendants herein including as to liability is hereby

stricken and the matter will proceed to Trial only on the issue of damages to

which Plaintiff is entitled. Plaintiff is further awarded terms in the amount of

$_____.

IT IS SO ORDERED.

SIGNED on this _____ day of _____, 2023.

UNITED STATES DISTRICT COURT JUDGE


_____