IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDRICK FULLER, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:22-CV-1289-D |
| VS. | § |
| | § |
| CIG FINANCIAL, LLC, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this action by *pro se* plaintiff Edrick Fuller ("Fuller") against defendants CIG Financial, LLC ("CIG") and The Car Source, LLC d/b/a Hide and Seek Recovery ("Car Source"), Fuller moves for sanctions against both defendants under Fed. R. Civ. P. 11 and 37(c) and the court's inherent power. Fuller also moves under Rule 12(f) to strike a supplemental disclosure made by CIG. For the reasons that follow, the court grants in part and denies in part the motion for sanctions and denies the motion to strike as moot.

I

The relevant background facts and procedural history of this case are largely set out in a prior memorandum opinion and order[1] and need not be repeated at length for purposes of deciding the instant motions.

On October 27, 2023 CIG served on Fuller a supplemental disclosure containing the

---

[1]*See Fuller v. CIG Fin., LLC*, 2022 WL 4071964, at *1 (N.D. Tex. Sept. 2, 2022) (Fitzwater, J.).

name and contact information of a new fact witness, Consolidated Asset Recovery System, Inc. ("CARS"). According to the supplemental disclosure, CARS "is the repossession agency and contractor of CIG who, unbeknownst at that time, directly hired Defendant, The Car Source LLC d/b/a/ 'Hide and Seek Recovery,' to repossess the Vehicle from Plaintiff[.]" P. Br. (ECF No. 54) at 20.

After being served with the supplemental disclosure, Fuller filed the instant motion for sanctions,[2] which is based on several grounds: (1) that defendants have repeatedly filed frivolous motions; (2) that defendants have abused the discovery process by untimely serving Fuller with the supplemental disclosure; (3) that defendants have repeatedly failed to comply with federal and local procedural rules; and (4) that defendants have engaged in conduct that has delayed the proceedings and wasted time. The motion requests that the court exclude the supplementary disclosure, impose monetary sanctions, and enter a default judgment against defendants.[3] Three days later, Fuller filed the instant motion to strike, again asking the court to exclude the supplemental disclosure. The court is considering these interrelated motions on the briefs, without oral argument.

---

[2]The motion is entitled "Memorandum and Opinion for Motion to Compel Discovery," and the first sentence refers to the motion as a "Motion to Compel and Motion for Sanctions." P. Br. (ECF No. 54) at 1. But the contents of the motion indicate that it is solely a motion for sanctions. Consequently, the court will treat the motion as a motion for sanctions.

[3]The motion does not clearly identify the authorities under which Fuller is seeking this relief. The court will therefore analyze each allegation of misconduct under the most appropriate authorities: Rule 11, Rule 37, and the court's inherent power.

II

The court turns first to Fuller's single alleged ground of misconduct that can aptly be analyzed under Rule 11: that defendants filed frivolous motions.

A

Rule 11 authorizes a court to impose sanctions on a party or attorney who files a pleading, nondiscovery-related motion, or other nondiscovery-related paper "for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation." *Houston v. Sw. Airlines*, 2020 WL 774408, at *1 (N.D. Tex. Feb. 18, 2020) (Rutherford, J.) (citing Rule 11(b), (c)). But "[Rule 11] sanctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (Buchmeyer, C.J.) (internal footnotes and quotation marks omitted; emphasis in original).

Given Rule 11's "safe harbor" provision, a motion for sanctions under Rule 11 "may not be filed until at least 21 days after service on the offending party." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). And the Fifth Circuit has "continually held that strict compliance with Rule 11 is mandatory." *In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008) (collecting cases). Thus "[a] party's failure to comply with the safe harbor provision generally precludes a district court from granting the party's motion for sanctions under Rule 11." *Askins v. Hagopian*, 713 Fed. Appx. 380, 380-81 (5th Cir. 2018) (per curiam) (citing

*Elliott*, 64 F.3d at 216).

B

Fuller alleges in the motion for sanctions that defendants have filed several frivolous motions, including two motions for a more definite statement and a motion to dismiss or quash for insufficient service. But as defendants point out, Fuller did not serve them with the motion for sanctions before filing it with the court. Consequently, the court cannot grant sanctions under Rule 11 for this alleged misconduct, and this ground of his motion is denied.

III

The court turns next to Fuller's one misconduct allegation that can be properly analyzed under Rule 37: CIG's service of the supplemental disclosure after the close of discovery.[4]

A

Fuller maintains that the supplemental disclosure, which identifies a nonparty to whom liability can be shifted, is untimely and surprises and prejudices him. This is so, Fuller maintains, because the disclosure was served on him months after both the May 1, 2023 deadline to move for leave to join parties and the September 1, 2023 discovery deadline and only two weeks before the deadline to file a motion for summary judgment.

---

[4]Fuller also asserts in the motion under Rule 37 that Car Source has never to date served him with initial disclosures. But considering that Fuller "email[ed] [defendants'] counsel after the filing of the Motion [for Sanctions] to indicate that he had found the disclosures," D. Br. (ECF No. 62) at 2, the court will not address Fuller's allegation that Car Source never served him with initial disclosures.

B

Rule 26(a)(1)(A) requires parties to provide initial disclosures to opposing parties without awaiting a discovery request. These initial disclosures include "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(A)(I). "A party must make its initial disclosures based on the information then reasonably available to it." Rule 26(a)(1)(E). A party is not excused from making initial disclosures because, *inter alia*, "it has not fully investigated the case." *Id.*

"Rule 26(e)(1)(A) requires that disclosures made under Rule 26(a) be supplemented 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2022 WL 3019795, at *2 (N.D. Tex. July 29, 2022) (Fitzwater, J.) (quoting Rule 26(e)(1)(A)), *appeal docketed*, No. 23-10388 (5th Cir. Apr. 14, 2023). "Supplementation or correction must be done 'in a timely manner'" upon learning that the initial disclosure is incomplete or incorrect. *Id.* at *4 (quoting Rule 26(e)(1)).

When a party moves for sanctions because the opposing party has failed to timely disclose or supplement its disclosures, courts turn to Rule 37 to determine if sanctions are warranted. The most basic sanction is exclusion of the information or witness unless the failure was substantially justified or harmless. Under Rule 37(c)(1), "[i]f a party fails to

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Rule 37(c)(1). But the court can impose other sanctions. *Id.*; *see, e.g.*, *McManaway v. KBR, Inc.*, 2012 WL 13059724, at *2 (S.D. Tex. May 17, 2012).

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Hoffman v. L & M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (citation omitted), *aff'd in part, rev'd in part*, 838 F.3d 568 (5th Cir. 2016); *accord, e.g.*, *Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208, at *1 (N.D. Tex. June 26, 2014) (Horan, J.). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Hoffman*, 2013 WL 81578, at *3 n.7 (citations and internal quotation marks omitted). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001) (citations omitted).

C

CIG's supplemental disclosure is untimely. Generally, supplementation "should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Rule 26 advisory committee's note (1993). While courts have

occasionally held that supplemental disclosures made at or past the discovery deadline are timely, that is generally only when the producing party has shown that it produced the information promptly after learning of it. *See, e.g.*, *Aikens v. Cent. Or. Truck Co.*, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021); *Butler v. Exxon Mobil Refin. & Supply Co.*, 2011 WL 289645, at *2 (M.D. La. Jan. 25, 2011). This is not the case here. CIG has indicated that it may have possessed information about CARS's existence and relevance to this lawsuit during the discovery period, and yet did not serve its supplemental disclosure on Fuller until nearly two months after the close of discovery. The court therefore holds that CIG's supplemental disclosure is untimely.

### D

Because the supplemental disclosure is untimely, the court must determine whether it should be excluded or whether other sanctions should be imposed under Rule 37. Fuller specifically asks for the following relief: (1) exclusion of the supplemental disclosure; (2) monetary sanctions; and (3) entry of default judgment against defendants. The court will evaluate these requests under the harmlessness factors.

### 1

The first factor of the harmlessness analysis—how important the evidence is—weighs in favor of exclusion. The supplemental disclosure indicates that CIG believes CARS to be a "responsible third party who is liable to CIG or to Plaintiff for all or part of Plaintiff's claims against CIG." P. Br. (ECF No. 54) at 20. But CIG has not filed a motion under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2011) to designate CARS as a responsible

third party, nor has CIG made clear that it intends to call a CARS representative as a witness at trial or what knowledge that witness would have about the case. CIG has therefore failed to explain why this evidence is important, and the court finds on this scant record that it is not.

2

The second factor—prejudice to the party opposing the admission of the evidence—also favors exclusion. "Generally, we find prejudice when a party's case-in-chief is seriously and gravely impacted." *Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023) (citing *Bell v. Texaco, Inc.*, 493 Fed. Appx. 587, 593 (5th Cir. 2012) (per curiam) (citation and internal quotation marks omitted) ("[W]e consider whether the other party's preparation for trial was substantially prejudiced.")). "A late designation of a witness will ordinarily cause at least some level of prejudice to the other party." *In re Savage Inland Marine, LLC*, 2021 WL 2935306, at *6 (E.D. Tex. Jan. 13, 2021) (citation omitted). And

> "[i]n the sense relevant here, prejudice arises, if at all, from the *timing* of the disclosure rather than from the *content* of the disclosure. . . . The *timing* of the disclosure results in prejudice when, for instance, the opposing party must incur unreasonable additional costs that could have been avoided by an earlier disclosure, or the party is precluded under the scheduling order from developing and presenting rebuttal evidence."

*Hoffman*, 2013 WL 81578, at *2 (emphasis in original). As Fuller notes, he has gone for almost 1½ years of this litigation—including two months past the close of discovery—without knowledge that there is another entity (CARS) that may be liable either to him or to defendants. His theory of defendants' liability could be derailed, or materially

- 8 -

compromised, just a few months before trial, without a fair opportunity to conduct discovery about CARS and how its role may impact Fuller's ability to recover against defendants.

3

The third factor—the possibility that a continuance could cure any prejudice—weighs against exclusion. Fuller's primary complaints about the timing of the supplemental disclosure appear to be his inability to conduct discovery related to CARS and the fact that CARS's existence was disclosed in such close proximity to the summary judgment deadline. Granting a continuance to enable Fuller to conduct discovery related to CARS and to address CARS in a summary judgment motion could ameliorate prejudice resulting from the untimeliness of the CARS disclosure.

4

The fourth factor—the disclosing party's explanation for its failure to timely supplement—favors exclusion. In its response to Fuller's motion, CIG maintains that it did not know at the time of its initial disclosures that its contractor, CARS, had hired Car Source to repossess Fuller's vehicle. CIG also states that Fuller would have known about CARS earlier had he conducted any written discovery or oral depositions during the discovery period.

Taking CIG's second assertion first, this argument is misplaced because it imposes the burden on Fuller to conduct discovery that was unnecessary given CIG's disclosure obligations. A party obliged to make disclosures cannot excuse its failure to do so on the ground that its opponent could have learned of the undisclosed information through its own

discovery efforts.

And CIG's first argument seems to be inconsistent with, if not contradicted by, its second. If Fuller could have known about CARS during the discovery period through his own written discovery or oral depositions, this suggests that CIG could also have known about CARS's choice of Car Source to repossess Fuller's vehicle. And in any event, it seems doubtful that a simple review of the pertinent paperwork would not have revealed that CARS had arranged with Car Source to effect the repossession of Fuller's vehicle.

5

Considering these four factors holistically, the court concludes that defendants' untimely service of the supplemental disclosure is not harmless, and that the supplemental report should be excluded under Rule 37(c)(1).

E

The court now considers whether other sanctions should be imposed under Rule 37.

1

"In determining whether to impose Rule 37 sanctions, including monetary sanctions, courts consider: (1) the fairness of the sanction; (2) the substantial relationship between the sanction and the claim; and (3) if the sanction meets 'the Rule 37 goals of punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior.'" *Pruco Life Ins. Co. v. Villarreal*, 2022 WL 14915624, at *2 (S.D. Tex. Oct. 25, 2022) (Rosenthal, J.) (quoting *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993) (citation omitted)). The sanction must be "the least severe sanction adequate to

achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

The court concludes that excluding the supplemental disclosure is adequate to serve the twin goals of punishing CIG for its untimely service of the supplemental disclosure and discouraging others from similar conduct. Imposing monetary sanctions as well would exceed the least severe sanction adequate to achieve the desired result.

2

The court considers next whether CIG's untimely supplemental disclosure warrants entry of a default judgment against defendants under Rule 37.

"As a general matter, litigation-ending sanctions are reserved for the most heinous of scenarios." *Calsep*, 84 F.4th at 311 (citing *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976)). Fifth Circuit "'caselaw imposes a heighted standard' for entering 'litigation-ending sanctions'" under the Federal Rules of Civil Procedure. *Calsep*, 84 F.4th at 311 (quoting *L. Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (per curiam)).

> Before a court ends a case through Rule 37 sanctions, it must make four additional findings beyond those required by the Rule itself: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect.

*Id.* (internal quotation marks omitted) (quoting *L. Funder*, 924 F.3d at 758-59).

CIG's untimely service of a supplemental disclosure is not among the most heinous of scenarios. Fuller has not shown that CIG committed this violation willfully or in bad faith

or that CIG itself, rather than CIG's counsel, is responsible for the untimely supplemental disclosure. And as discussed above, the lesser sanction of excluding the supplemental report under Rule 37(c)(1) is sufficient. Entry of a default judgment is therefore unwarranted.

IV

The court turns last to Fuller's remaining misconduct allegations: that defendants have repeatedly violated local and federal procedural rules and that they have frivolously requested mediation. These allegations can only be properly analyzed under the court's inherent power to sanction.

A

"[W]hen a court can 'find no sanction under the Federal Rules directly applicable to' the misconduct at issue, the court may impose sanctions under its inherent power to address misconduct." *Pruco Life Ins. Co.*, 2022 WL 14915624, at *4 (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993)). Courts have inherent authority to impose sanctions on a party or attorney when they find that the party or attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted). Notably, "[c]ourts 'exercise caution' in invoking their inherent power and should 'ordinarily' rely on a rule or statute rather than their inherent power." *Houston*, 2020 WL 774408, at *1 (quoting *Chambers*, 501 U.S. at 50). To award sanctions under its inherent power, a court "must make a specific finding" of bad faith. *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016) (citation omitted). "Bad faith conduct includes conduct that is motivated by improper purposes such as

harassment or delay." *Houston*, 2020 WL 774408, at *1 (citing *Coghland v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1998) (per curiam)). "Thus, bad faith conduct resembles conduct that would violate Rule 11(b)(1)." *Id.* (citing *Chambers*, 501 U.S. at 46 n.10).

B

Fuller maintains that defendants have engaged in several types of misconduct not covered by Rule 11 or Rule 37 that allegedly warrant sanctions. First, he points to defendants' violations of procedural rules in the course of the litigation: they initially failed to file proper notices of appearance; they did not immediately file a certificate of interested persons; they requested additional service of process on CIG; and they failed to confer with Fuller before filing a motion for protective order. Second, he posits that defendants requested pointless and time-wasting mediation. But Fuller has failed to present sufficient evidence to support a specific finding of bad faith concerning any of the alleged acts of misconduct. The court therefore declines to impose sanctions under its inherent power.

\* \* \*

For the reasons stated, the court grants in part and denies in part Fuller's motion for sanctions and orders that the supplemental disclosure be excluded. The court denies Fuller's

motion to strike as moot.

    **SO ORDERED**.

    December 7, 2023.

 

                                        SIDNEY A. FITZWATER
                                      SENIOR JUDGE